UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIMOOR ZAMAN,<br><br>　　　　Petitioner<br><br>　　v.<br><br>BRYAN BIRKHOLZ, Warden,<br><br>　　　　Respondent. | Case No. CV 23-0177-MWF (PD)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the relevant records on file, the briefing from the parties including the supplemental submissions, and the Report and Recommendation of the United States Magistrate Judge recommending the Petition be dismissed without prejudice ("Report," Docket No. 15).

　　　　Preliminarily, the Court notes that Petitioner does not object to the primary basis of the Report's recommendation: that Petitioner is statutorily barred from applying First Step Act ("FSA") credits to his sentence. (Docket No. 15 at 3-5). Petitioner's failure to refute that determination is fatal to his objections and the Petition. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

Instead, Petitioner has objected to the Report's findings and conclusions regarding: (1) his failure to exhaust administrative remedies; and (2) service of the Final Order of Removal ("Removal Order"). (Docket No. 17). The Court has conducted a *de novo* review of the portions of the Report to which those objections are directed. Although not required, in an abundance of caution the Court briefly discusses the objections. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

First, even if the Court were to conclude Petitioner's claim was exhausted or that unexhaustion should be waived — which it does not for the reasons stated in the Report (Docket No. 15 at 5-6) — as mentioned Petitioner has failed to establish that he may apply FSA credits to his sentence in the first place. Accordingly, even excusing the exhaustion requirement, Petitioner has not shown he is entitled to relief.

Second, Petitioner repeats his argument that the Removal Order was not properly served. (Docket No. 17 at 2-3). Petitioner claims that the Report "without a supporting citation incorrectly states that 'Petitioner received the [Removal Order] on February 24, 2023.'" (Docket No. 17 at 2-3). Petitioner misquotes and mischaracterizes the Report. The Report states that "Petitioner was *presented with* the [Removal Order] on February 24, 2023," goes on to explain how Petitioner refused to acknowledge receipt of it by signature, and specifically cites to the Removal Order marked "refused." (*See* Docket No. 15 at 3 n.1 (emphasis added), citing Docket No. 8 at 26). Petitioner's contention is without merit.

The objections are overruled.

///

///

2

**IT IS THEREFORE ORDERED** that:

(1) The Report is **ACCEPTED** and adopted as the Court's own findings and conclusions; and

(2) Judgment be entered **DISMISSING** the Petition without prejudice.

Dated:  November 20, 2023

_____
MICHAEL W. FITZGERALD
United States District Judge